IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DIANA ESTRADA, | § § § | |
| *Plaintiff,* | § § § | SA-18-CV-00002-ESC |
| vs. | § § § | |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION; | § § § § § | |
| *Defendant.* | § § | |

## ORDER

Before the Court is Plaintiff Diana Estrada's ("Plaintiff") Motion for Attorney's Fees Under the Equal Access to Justice Act [#25], filed May 6, 2019. On May 17, 2019, Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("the Commissioner"), filed a Response in Opposition to Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [#26]. The undersigned has authority to enter this Order based on the parties' Consent to Proceed Before a United States Magistrate Judge [#12, #13]. For the reasons set forth below, Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act is **GRANTED.**

### I. Introduction

On January 2, 2018, Plaintiff filed a complaint seeking judicial review of a final decision by the Commissioner denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. § 401 *et seq.* [#1-2]. On February 5, 2019, this Court vacated the Commissioner's decision and remanded Plaintiff's claim for further proceedings [#24]. Plaintiff now moves for an award of attorney's fees in the amount of $7,733 under the Equal Access to Justice Act ("the EAJA"), 28 U.S.C. § 2412 [#25], which the

Commissioner opposes [#26]. For the reasons set forth below, the Court will award Plaintiff $7,733 in attorney's fees under the EAJA.

## II. Governing Law

The EAJA "provides a mandatory attorney's fee award for a prevailing party that meets certain financial eligibility requirements." *Baker v. Bowen*, 839 F.2d 1075, 1079–80 (5th Cir. 1988). Once the plaintiff establishes these facts, the government must pay attorney's fees, unless it is able to prove that its position was substantially justified or that, due to special circumstances, an award of attorney's fees to the plaintiff would be unjust. *See Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir. 1986).

The purpose of the EAJA's mandatory fee-shifting provision "is to ensure that there is sufficient representation for individuals who need it while minimizing the cost of attorneys' fees awards to the taxpayers." *Baker*, 839 F.2d at 1082. An award of attorney's fees under the EAJA must be "reasonable." § 2412(b). As the fee applicant, Plaintiff has the burden of demonstrating the reasonableness of the number of hours expended on the prevailing claim. *See Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990); *Leroy v. City of Hous.*, 831 F.2d 576, 586 (5th Cir. 1987). A fee applicant is expected to exercise "billing judgment" with respect to hours worked and to present evidence supporting the hours worked and rates claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Accordingly, "a district court may reduce the number of hours awarded if the documentation is vague or incomplete." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).

In determining the reasonableness of attorney's fees under the EAJA, the Fifth Circuit has adopted the twelve-factor "lodestar" test enunciated in *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974). *See Hall v. Shalala*, 50 F.3d 367, 369 (5th Cir. 1995). The

Fifth Circuit, however, has clarified that "it is not necessary for a district court to examine each of the factors independently if it is apparent that the court has arrived at a just compensation based upon appropriate standards." *Sanders v. Barnhart*, No. 04-10600, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005). "The fee thus determined cannot exceed the statutory cap, except as expressly permitted by the EAJA." *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 616 (N.D. Tex. 2000).

The district court has broad discretion in setting the appropriate award of attorney's fees, and, on appeal, the court of appeals reviews the court's award of attorney's fees for abuse of discretion and the supporting factual findings for clear error. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) (citing *Von Clark*, 916 F.2d at 258).

### III. Analysis

On February 5, 2019, this Court vacated the Commissioner's decision and remanded Plaintiff's claim for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). The Fifth Circuit has held that a party who obtains a remand pursuant to the fourth sentence of § 405(g) qualifies as a "prevailing party" for purposes of attorney's fees under the EAJA. *Breaux v. U.S. Dep't of Health & Human Servs.*, 20 F.3d 1324, 1325 (5th Cir. 1994) (per curiam). It follows that Plaintiff is the "prevailing party" in this case for EAJA purposes, and is, therefore, entitled to an award of attorney's fees under the EAJA.

In her fee application, Plaintiff asks the Court to award attorney's fees in the amount of $7,733, representing 41.8 hours of work at a rate of $185 per hour. Plaintiff attaches an "itemization of time" confirming a total of 41.8 hours expended at the hourly rate of $185. (Doc. 25-2 at 1.) The Commissioner does not object to Plaintiff's proposed hourly rate of $185. Rather, the Commissioner claims that the number of hours spent by Plaintiff's counsel was

excessive and that, therefore, a reduced fee is warranted in this case. The Commissioner specifically contends that Plaintiff should be compensated for only forty hours. The Court disagrees.

The EAJA provides that attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished," but "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." § 2412(d)(2)(A).

Plaintiff requests a rate of $185 per hour for the services of Karl E. Osterhout, Esq., which exceeds the EAJA's presumptive statutory cap of $125 per hour. However, the EAJA permits cost-of-living adjustments to the attorney's hourly rate. *See Shalala*, 50 F.3d at 368–69. The Court finds that the requested hourly rate of $185, which includes a $60-per-hour increase from the statutory rate, is reasonable. This adjustment is consistent with the increase in the cost of living in the San Antonio-New Braunfels area, as measured by the U.S. Bureau of Labor Statistics.[1] In addition, this Court has previously found this hourly rate to be reasonable. *See*, *e.g.*, *Zertuche v. Berryhill*, No. SA-17-CV-754-ESC, at *2 (W.D. Tex. Oct. 17, 2018) (finding an hourly rate of $185 to be reasonable); *Maldonado v. Berryhill*, No. SA-16-CV-950-ESC, 2017 WL 8161009, at *2 (W.D. Tex. Nov. 21, 2017) (same).

The Court also finds the number of hours to be reasonable. A district court should exclude from its initial fee calculation hours that were not "reasonably expended." *Hensley*, 461 U.S. at 434 (1983) (internal quotation marks and citation omitted). According to Plaintiff's fee application, Plaintiff's counsel spent a total of 41.8 hours on this case. The time was spent

---

[1] *See* U.S. Bureau of Labor Statistics, https://www.bls.gov/regions/southwest/tx_sanantonio_msa.htm (last visited June 3, 2019).

advancing Plaintiff's appeal by, among other things, reviewing the Social Security transcript, researching the relevant issues, drafting an opening and reply brief, and preparing this motion. The hours submitted by Plaintiff's counsel furthered her case, and Plaintiff's counsel obtained a favorable result for his client. *See id.* at 434, 435 (1983) (stating that the most important factor in the reasonableness of the fee award is the "results obtained" and that, "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee"). Moreover, numerous federal district courts, including this one, have found similar hours to be reasonable. *See*, *e.g.*, *Hunter v. Berryhill*, No. CV H-17-738, 2018 WL 6732884, at *1 (S.D. Tex. Oct. 23, 2018), *report and recommendation adopted*, No. 4:17-CV-00738, 2018 WL 6732871 (S.D. Tex. Nov. 27, 2018) (finding 42.8 hours to be reasonable); *Tonya G. v. Berryhill*, No. 3:16-CV-2599-L-BN, 2018 WL 4290787, at *2 (N.D. Tex. Aug. 23, 2018), *report and recommendation adopted*, No. 3:16-CV-2599-L, 2018 WL 4281654 (N.D. Tex. Sept. 7, 2018) (finding forty-two hours to be reasonable); *Mesecher v. Berryhill*, No. 4:15-CV-0859-BL, 2017 WL 4417682, at *3 (N.D. Tex. Oct. 3, 2017) (finding 43.7 hours to be reasonable); *Montgomery v. Colvin*, No. CV 14-3120, 2016 WL 4705730, at *3 (W.D. La. Aug. 16, 2016), *report and recommendation adopted*, No. CV 14-3120, 2016 WL 4705573 (W.D. La. Sept. 8, 2016) (finding 41.5 hours to be reasonable). Accordingly, the 41.8 hours claimed in this case are not unreasonable.

The Commissioner's arguments to the contrary are unpersuasive. The Commissioner maintains that the average number of hours for an attorney to work on a Social Security appeal ranges from thirty to forty. On this point, the Commissioner relies on *Garza v. Astrue*, where this Court noted that "[a] number of district courts across the country have determined that '[t]he typical EAJA application in social security cases claims between thirty and forty hours.'" No. SA-08-CV-789-XR, 2010 WL 2278348, at *2 (W.D. Tex. June 4, 2010) (quoting *Hardy v.*

*Callahan*, No. 9:96-CV-257, 1997 WL 470355, at *9 (E.D. Tex. Aug. 11, 1997)). But, in the very next sentence, the *Garza* court explained that "[a]wards for even forty-seven hours of work are not out of line." *Id.* (citing *Johnson v. Astrue*, No. C-07-2387 EMC, 2008 WL 3984599, at *1 (N.D. Cal. Aug. 27, 2008)). And the *Garza* court ultimately found that the plaintiff's counsel should be compensated for forty-five hours of attorney time. *See id.* at * 2–3.

The Commissioner cites three other cases in which the trial court reduced the number of hours in the plaintiff's fee request. In *Burley v. Astrue*, No. 5:09-CV-40-BG, at *3 (N.D. Tex. July 27, 2010), the Northern District of Texas reduced the number of hours from 65.84 to 48.34, and, in *Overstreet v. Colvin*, No. 5:12-CV-107-C, at *3 (N.D. Tex. Sept. 12, 2013), the court reduced the number of hours from fifty-four to forty-four. In *Hardy v. Callahan*, No. 9:96-CV-257, 1997 WL 470355, at *9 (E.D. Tex. Aug. 11, 1997), the Eastern District of Texas reduced the number of hours from 58.5 to forty. However, in three of the four cases relied on by the Commissioner—*Garza*, *Burley*, and *Overstreet*—the court awarded attorney's fees for more than the number of hours requested in this case. In addition, here, Plaintiff seeks to recover for only 1.8 hours above the reported typical range.

Next, while acknowledging that the administrative transcript in this case was "lengthy," the Commissioner argues that this case "did not involve particularly complex facts, novel legal issues, or legal issues of first impression." (Commissioner's Resp. to Pl.'s Mot. [#26] at 3–4.) The Commissioner further argues that "Plaintiff's attorney has not demonstrated that her request for approximately 36.7 hours in preparation of the initial brief in this case is reasonable." (*Id.* at 4.) The Court is unpersuaded. Plaintiff's counsel did not represent Plaintiff during the administrative proceedings. (Pl.'s Mot. [#25] at 5.) As such, "he could reasonably be expected to spend time reviewing Plaintiff's case, including the medical record and the ALJ's decision, to

determine the appealable issues in the case." *Hamblen v. Colvin*, 14 F. Supp. 3d 801, 809–10 (N.D. Tex. 2014). It takes "significant time" to review the medical records in the administrative transcript. *McNeil v. Astrue*, No. CIVA H-07-3664, 2009 WL 1451707, at *3 (S.D. Tex. May 22, 2009). Additionally, contrary to the Commissioner's arguments, the Court does not consider 36.7 hours to review a 1,426-page administrative transcript, identify the appealable issues in the case, and draft and edit an opening brief to be excessive. Rather, Plaintiff's counsel has shown that the hours spent on this case are not uncommon for similar cases.

Finally, the Commissioner asserts that "Plaintiff's EAJA request is generally excessive, as it exceeds the typical EAJA award for Social Security Disability matters in the Western District of Texas." (Commissioner's Resp. to Pl.'s Mot. at 4.) However, the requested fee award here is consistent with, and in some cases smaller than, fee awards in other Social Security cases that this Court has considered. *See*, *e.g.*, *Tucker v. Berryhill*, No. 1:16-CV-39-RP, 2018 WL 6609572, at *3 (W.D. Tex. Dec. 17, 2018) (awarding attorney's fees in the amount of $18,371.95); *Quintanilla v. Colvin*, No. 11-CV-1040-DAE, 2014 WL 5320996, at *7–8 (W.D. Tex. Oct. 3, 2014) (awarding attorney's fees in the amount of $10,282).

## IV. Conclusion

Having reviewed the motion and response thereto, the applicable legal authorities, and the entire record in this matter, the Court finds that Plaintiff is entitled to an award of attorney's fees under the EAJA. Plaintiff asks the Court to award attorney's fees in the amount of $7,733, representing 41.8 hours of work at a rate of $185 per hour. Because the number of hours and the hourly rate are reasonable, the Court will award attorney's fees in the amount of $7,733.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Attorney's Under the Equal Access to Justice Act [#25] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded attorney's fees in the amount of $7,733. The fees awarded shall be made payable to Plaintiff's attorney, Karl E. Osterhout, Esq., and mailed to his address of record.

**IT IS SO ORDERED.**

SIGNED THIS 3RD DAY OF JUNE, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE